IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-189-FL

| | |
|---|---|
| MAQUARY DEL'SHAWN WILLIAMS-GROGANS, <br><br> Plaintiff, <br><br> v. <br><br> LOUIS DEJOY, Postmaster General; ANGELENE RAINEY; DANIELLE L. HARGROVE; ALISA G. BASSA; and ANTOINE ECHOLS, <br><br> Defendants. | ORDER |

This matter is before the court upon pro se plaintiff's motion for leave to proceed in forma pauperis (DE 4), and for review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Robert B. Jones entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended plaintiff's claims against defendants Angelene Rainey, Danielle L. Hargrove, Alisa G. Bassa, and Antoine Echols be dismissed and that any individual capacity claim against Louis Dejoy ("Dejoy") be dismissed. (DE 6). It is recommended that plaintiff's claims against Dejoy in his official capacity, construed as a claim against plaintiff's employer, the United States Postal Service, be allowed to proceed. (Id.). Plaintiff did not file objections to the M&R, and the time within which to make any objection has expired. In this posture, the issues raised are ripe for ruling.

1

Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because no objections have been filed, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

The Americans with Disabilities Act of 1990 ("ADA") and Title VII of the Civil Rights Act of 1964, pursuant to which plaintiff brings her claims, authorize remedies against employers and not individuals. See Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) (concluding Title VII forecloses individual liability); Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) (concluding the ADA does not permit actions against individual defendants). Accordingly, upon careful review of the M&R, the court finds the magistrate judge's analysis to be thorough, and there is no clear error. The court hereby ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, plaintiff's claims against the individual defendants, and her individual capacity claim against defendant Dejoy, are DISMISSED WITHOUT PREJUDICE. Plaintiff's official capacity claim against Dejoy is ALLOWED TO PROCEED.

SO ORDERED, this the 17th day of October, 2022.

LOUISE W. FLANAGAN
United States District Judge