IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-00189-FL

| | |
|---|---|
| MAQUARY DEL'SHAWN WILLIAMS-GROGAN, ) ) ) Plaintiff, ) ) v. ) ) LOUIS DEJOY, Postmaster General, ) United States Postal Service, ) ) Defendant. ) | ORDER |

This matter is before the court on defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 19). The issues raised are ripe for ruling. For the following reasons, the motion is granted.

**STATEMENT OF THE CASE**

Plaintiff commenced this employment discrimination action May 9, 2022, by filing a motion for leave to proceed in forma pauperis with a proposed complaint, asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pregnancy Discrimination Act of 1978, and the Americans with Disabilities Act of 1990 ("ADA"), against defendant and four individual United States Postal Service ("USPS") employees. Plaintiff seeks backpay, reinstatement, "Postal Indebtedness removal," and payment for various medical expenses. (Compl. (DE 7) at 11).[1] Upon

---
[1] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the Court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

review of the proposed complaint under 28 U.S.C. § 1915(a)(1), the court granted plaintiff's motion to proceed in forma pauperis and allowed the complaint to proceed only against defendant Dejoy.

Defendant filed the instant motion May 22, 2023. The clerk sent plaintiff a letter on May 24, 2023, notifying her of the requirement to respond to the motion within 21 days. Thereafter, plaintiff moved for an extension of time in which to respond to the motion, which the court granted, permitting plaintiff to respond on or before July 24, 2023. Plaintiff did not respond to the motion.

## STATEMENT OF THE FACTS

The facts alleged in plaintiff's complaint[2] are as follows. Plaintiff was employed by the USPS between October 19, 2013 and May 17, 2021, at a USPS facility in Fort Bragg, North Carolina. Plaintiff recounts the following events taking place during her term of employment:

> I was awarded Level 7 Lead Sales and Services Clerk position on February 1, 2021. At the time, I was 7 months pregnant. I fell ill after work, having to be hospitalized from February 1, 2021 to February 5th, 2021 due to dehydration and having the baby heart rate monitored for emergency c-section. I was sent home since the baby [sic] heart rate stabilized, however, I had to be rehospitalized February 7th 2021 from severe headache and pain in stomach. I was told I suffered a stillbirth and lost my unborn child and was hospitalized from February 7th, 2021, to February 10th, 2021. I was put on maternity leave and bedrest by my OBGYN because I was incapacitated from February to April 2, 2021. My OBGYN specified in my FMLA package that I was to return to work April 2, 2021 with no complications and was [sic] [.]

(Compl. 10).

---

[2] Hereinafter, all references to the complaint are to the complaint filed following the court's review under 28 U.S.C. § 1915(a)(1) (DE 7).

## COURT'S DISCUSSION

A.   Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[3] "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.   Analysis

Defendant argues that plaintiff's complaint fails to provide sufficient factual support and background to state any claim under federal pleading standards. The court agrees.

Title VII prohibits an employer from discriminating against any individual with respect to compensation, terms, conditions, or privileges of employment on grounds of sex.  42 U.S.C. § 2000e-2(a)(1).  "On grounds of sex" encompasses action taken because of pregnancy and related medical conditions.  42 U.S.C. § 2000e(k).  The ADA forbids discrimination on the basis of disability in terms, conditions, and privileges of employment.  42 U.S.C. § 12112.[4]

---

[3]   Throughout this order, internal quotation marks and citations are omitted unless otherwise specified.

[4]   The ADA exempts the United States from its definition of "employer." See 42 U.S.C. § 12111(5)(B)(i). The USPS is therefore immune from ADA claims, and a plaintiff seeking redress against a federal agency for disability discrimination must rely upon the Rehabilitation Act of 1973, 29 U.S.C. § 701. See Brown v. Henderson, 6 F. App'x 155, 156 (4th Cir. 2001); see also Henrickson v. Potter, 327 F.3d 444, 447 (5th Cir. 2003). Because the same legal standards govern claims under the ADA and the Rehabilitation Act, see 42 U.S.C. § 794(d), and in light of plaintiff's pro se status, the court considers plaintiff's disability discrimination claim as brought under the Rehabilitation Act, despite its label.
3

Plaintiff asserts claims for discriminatory conduct on five theories: termination of employment, failure to promote, failure to accommodate disability, unequal terms and conditions of employment, and retaliation, all on the basis of both sex and disability. (See Compl. 8). Plaintiff's sole factual support for her claims, however, is one paragraph about her medical history between February and April 2021. (See Compl. 10). Plaintiff's factual recitation does not describe actions by defendant, much less connect the USPS to any discriminatory action based on sex or disability. The complaint therefore contains precisely the type of "naked assertions devoid of further factual enhancement" forbidden by Iqbal. See Iqbal, 556 U.S. at 678. This deficiency is fatal to all of Plaintiff's claims.

In making this determination, the court notes plaintiff attached an exhibit to the complaint, comprising a USPS decision on plaintiff's administrative complaint. (See Compl. Ex. (DE 7-1)) ("USPS decision"). The Court may properly consider documents attached or incorporated into the complaint upon a motion to dismiss. See Fed. R. Civ. P. 10(c); Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 606 (4th Cir. 2015). Nevertheless, because the USPS decision is authored by defendant, plaintiff's intent in attaching this exhibit to the complaint is not clear. See Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 167 (4th Cir. 2016). In any event, because the USPS decision concludes that plaintiff was not "subjected to discrimination as alleged," (DE 7-1 at 27), it does not provide a further factual basis supporting plaintiff's claims in this case.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 19) is GRANTED and this action is DISMISSED for failure to state a claim upon which relief may be granted. The clerk is DIRECTED to close this case.

SO ORDERED, this the 5th day of October, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge